# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELIC RENEE PALLESI,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:13-cv-01813-SMS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO AMEND JUDGMENT AND STRIKING ORDER REVERSING AGENCY'S DENIAL OF BENEFITS (Doc. 17)<br><br>(Doc. 19) |

Pursuant to Federal Rule of Civil Procedure 59(e), Respondent, the Acting Commissioner of Social Security, has moved to amend the Court's December 11, 2013 order reversing the agency's denial of benefits and remanding for calculation of benefits (Doc. 17).  The Commissioner contends that the Court inaccurately assessed both the ALJ's findings in the hearing decision and Plaintiff's challenge to them.  In particular, the Commissioner argues that the Court made a pervasive error in finding that the ALJ erred in failing to find that Plaintiff had a severe mental impairment at step two of the disability analysis.  Although Plaintiff seeks to characterize the Court's misstatement as a mere "scrivener's error," the Court agrees with the Commissioner that amendment is necessary to correct pervasive substantive and analytical error in the December 11, 2014 order.

Under Rule 59(e), a district court has the power to alter or amend a judgment upon a party's motion.  One of the grounds for a motion to alter or amend is the Court's commission of clear error in the judgment or order. *Turner v. Burlington Northern Santa Fe Rwy. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003); *School District 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263

(9th Cir. 1993); *Nelson v. Equifax Information Services, LLC*, 522 F.Supp.2d 1222, 1233 (C.D.Cal. 2007).  Granting or denying a Rule 59 motion for reconsideration is a matter of the district court's discretion.  *Id*. at 1262.

The Court review of its decision reveals multiple internal inconsistencies.  Most notably, in restating the ALJ's sequential analysis, the decision correctly indicated that the ALJ found Plaintiff's impairment to be major depressive and anxiety disorder.  Doc. 17 at 28.  At the close of that discussion, however, the Court indicated, "Plaintiff challenges the ALJ's nondisability determination because the ALJ's Step-Two findings and conclusion are not supported by substantial evidence because she improperly weighed mental health providers' opinions."  Doc. 17 at 29.  The decision then proceeded to analyze the ALJ's finding of no severe mental impairments at Step Two.

The Court rejects Plaintiff's argument that the order's reference to Step *Two* was simply a scrivener's error.  The context of the discussion specifically addresses the expert opinions and concludes that the ALJ erred in failing to find the Plaintiff's mental impairments to be severe disorders.  The discussion is confused, confusing, and clear error.

The Court also recognizes that the decision strayed from the matters that Plaintiff placed in issue, including its consideration of Plaintiff's credibility and its analysis of the opinions of Jamie L. Powers, LMFT, and Patricia Lometti, LCSW.  The Court compounded this error by substituting its assessment of all medical opinions for that of the ALJ.

In short, the Court agrees with the Commissioner's contentions that pervasive error in the December 11, 2014 order requires its alteration or amendment.  Because of the multiple errors and their pervasive nature, the Court will not attempt merely to amend the existing order but will issue a new determination following its reconsideration of the parties' briefs, applicable law, and the record as a whole.

Accordingly, the Court hereby ORDERS:

1. The Commissioner's motion for alteration or amendment is GRANTED.
2. The Order Reversing Agency's Denial of Benefits and Ordering Remand for Calculation of Benefits (Doc. 17) and the judgment in this matter (Doc. 18) are hereby STRICKEN in their entireties.

3. The Clerk of Court is directed to reopen the case.

IT IS SO ORDERED.

Dated: **February 4, 2015**     **/s/ Sandra M. Snyder**
                                 UNITED STATES MAGISTRATE JUDGE