1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANGELIC RENEE PALLESI,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security[1],<br><br>Defendant.                    / | Case No. 1:13-cv-01813-SKO<br><br>**AMENDED ORDER GRANTING PLAINTIFF'S COUNSEL'S UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. 40) |

### I.     INTRODUCTION

On July 1, 2020, counsel for Plaintiff Angelic Renee Pallesi filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b).  (Doc. 40.)  On July 2, 2020, the Court issued a minute order requiring Plaintiff and the Commissioner to file their responses in opposition or statements of non-opposition to Plaintiff's counsel's motion, if any, by no later than July 22, 2020.  (Doc. 41.)  Plaintiff and the Commissioner were served with copies of the motion for attorney's fees and the minute order.  (Docs. 41, 42.)

On July 15, 2020, the Commissioner filed a response taking no position on Plaintiff's motion, noting that "the Commissioner's role in this matter is one 'resembling that of a trustee for the claimants'" and providing an "analysis of the fee request."  (Doc. 43.)  Plaintiff did not file any

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of the Social Security Administration.  *See* https://www.ssa.gov/agency/commissioner.html (last visited by the court on September 13, 2019).  He is therefore substituted as the defendant in this action.  *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

1    objection to the motion by the July 22, 2020 deadline and Plaintiff's counsel did not file a reply.

2    (*See* Docket.)

3          On August 17, 2020, the Court granted in part the motion for § 406(b) fees.  (Doc. 44.)

4    The Court found the requested fee reasonable, but reduced the fee because although Plaintiff

5    previously requested fees before the Ninth Circuit under the Equal Access to Justice Act

6    ("EAJA"), 28 U.S.C. § 2412(d), ostensibly for work performed before the Ninth Circuit, Plaintiff

7    "did not move for EAJA fees before this Court for work performed in this Court," and thus

8    apparently failed to seek EAJA fees for work performed in the district court at all.  (*Id.* at 2); *see,*

9    *e.g., Kocan v. Colvin*, Case No. 2:14-cv-01058-JAD-NJK, 2016 WL 888828, at *2 (D. Nev. Feb.

10   16, 2016).  Thus, the Court awarded Plaintiff's counsel $14,536.35, representing the requested fee

11   of $21,762 less the projected amount of EAJA fees Plaintiff's counsel may have recovered for

12   work performed in the district court, had Plaintiff's counsel requested them.  (*See* Doc. 44 at 7.)

13         On August 18, 2020, Plaintiff's counsel filed a "Motion to Alter or Amend the Judgment

14   of the Court," (Doc. 45), stating that Plaintiff's counsel had requested EAJA fees before the Ninth

15   Circuit.  The Court inferred that Plaintiff's counsel's request for EAJA fees before the Ninth

16   Circuit included fees for work performed on appeal and for work performed in the district court.

17         On August 19, 2020, the Court directed Plaintiff's counsel to file on the Court's docket the

18   EAJA fees motion filed before the Ninth Circuit showing that Plaintiff's counsel had requested

19   fees for work performed before the district court.  (Doc. 46.)  Plaintiff's counsel filed the EAJA

20   fees motion on the docket, (Doc. 47), which reflects that Plaintiff's counsel requested but was

21   denied EAJA fees for work performed in this Court.  (*See id.* at 26–27.)

22         In light of this clarification that Plaintiff's counsel requested and was denied EAJA fees for

23   work performed in this Court—as opposed to having failed to request EAJA fees for work

24   performed in this Court at all—the Court GRANTS Plaintiff's counsel's motion  to amend the

25   judgment, (Doc. 45), and enters this amended order awarding Plaintiff's counsel fees under §

26   406(b) in the sum of $21,762.  *See, e.g., Yang v. Commissioner of Social Security*, No. 1:09-cv-

27   01495-SAB, 2015 WL 4506458 (E.D. Cal. July 22, 2015).

28

## II.      BACKGROUND

On November 7, 2013, Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability benefits under the Social Security Act.  (Doc. 1.)  On April 8, 2015, Magistrate Judge Sandra M. Snyder affirmed the ALJ's decision to deny benefits.  (Doc. 27.)  On June 27, 2017, the U.S. Court of Appeals for the Ninth Circuit reversed the district court's decision and remanded the case.  (Doc. 34.)  On September 12, 2017, pursuant to the Ninth Circuit's directive, the Court reversed and remanded the case to the ALJ for further proceedings.   (Doc. 36.)   On October 5, 2017, Plaintiff's counsel filed a motion for attorney's fees under EAJA before the Ninth Circuit for the work performed by counsel both on appeal and before this Court.  (*See* Doc. 47.)  The Commissioner opposed the motion, contending that the Commissioner's position in the action was substantially justified, precluding an award of fees under EAJA.  (*See* Doc. 45 at 3.)  On December 29, 2017, the Ninth Circuit denied Plaintiff's motion.  (*See id.* at 8.) (stating only that "Appellant's motion for attorney's fees is DENIED.").

On remand, the Commissioner found Plaintiff disabled as of June 28, 2010.  (*See* Doc. 40-2 at 19.)  On March 14, 2020, the Commissioner issued a letter to Plaintiff approving her claim for benefits and awarding her $87,048 in back payments.  (*See* Doc. 30-3 at 1–2.)  On July 1, 2020, counsel filed a motion for attorney's fees in the amount of $21,762—equal to exactly 25% of Plaintiff's past-due benefits—with no offset of EAJA fees, because no EAJA fees were previously awarded.  (Doc. 40.)  It is counsel's § 406(b) motion for attorney's fees that is currently pending before the Court.

## III.      DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants.  § 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

3

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, despite that the § 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under § 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable, and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent

1  cases.  *Id.*  (citing *Gisbrecht*, 535 U.S. at 807–08).

2        Here, the fee agreement between Plaintiff and counsel, signed by Plaintiff and her counsel,

3  attorney Monica Perales of the Law Offices of Lawrence D. Rohlfing, provides, in relevant part:

4        If this matter requires judicial review of any adverse decision of the Social
         Security Administration, the fee for successful prosecution of this matter is **a**
5        **separate 25% of the past due benefits awarded upon reversal of any**
         **unfavorable ALJ decision for work before the court.**
6

7  (Doc. 40-1 (signed October 6, 2013).)

8        The Court has considered the character of counsel's representation of Plaintiff and the

9  good results achieved by counsel, which included an award of benefits.  As Plaintiff's counsel, the

10  Law Offices of Lawrence D. Rohlfing spent 38.8 hours representing Plaintiff, ultimately gaining a

11  favorable decision in that the Court remanded the case to the Commissioner for further

12  proceedings.  (Doc. 40-4 (time sheets accounting for 38.8 attorney and paralegal hours spent

13  representing Plaintiff before this Court).)  There is no indication that a reduction of the award is

14  warranted due to any substandard performance by Plaintiff's counsel, as counsel secured a

15  successful result for Plaintiff.  There is also no evidence that counsel engaged in any dilatory

16  conduct resulting in delay.

17        The effective hourly rate requested by Plaintiff's counsel here equals approximately $560

18  per hour.  This hourly rate is not excessive when compared to what the Ninth Circuit has approved

19  in cases involving social security contingency fee arrangements.  *See Crawford*, 586 F.3d 1142,

20  1153 (9th Cir. 2009) (explaining that the majority opinion found reasonable effective hourly rates

21  equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also*

22  *Thomas v. Colvin*, No. 1:11−cv−01291−SKO, 2015 WL 1529331, at *2−3 (E.D. Cal. Apr. 3,

23  2015) (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v.*

24  *Astrue*, No. 1:09CV0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding

25  an effective hourly rate of $1,169.49 for 29.5 hours of work); *Palos v. Colvin*, No. CV

26  15−04261−DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (upholding an effective

27  hourly rate of $1,546.39 for 9.7 hours of work); *Villa v. Astrue,* No. CIV−S−06−0846 GGH, 2010

28  WL 118454, at *1−2 (E.D. Cal. Jan. 7, 2010) (approving § 406(b) fees exceeding $1,000 per hour

1   for 10.4 hours of work, and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey
2   business").

3       Further, Plaintiff's counsel's requested amount of $21,762 does not exceed 25% of the
4   past-due benefits awarded and are not excessive in relation to the past-due award. *See generally*
5   *Ortega v. Comm'r of Soc. Sec.,* No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D.
6   Cal. Aug. 21, 2015) (granting petition for an award of attorney's fees pursuant to § 406(b) in the
7   amount of $24,350.00); *Thomas*, 2015 WL 1529331, at *3 (granting petition for an award of
8   attorney's fees pursuant to § 406(b) in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–
9   00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting petition for an award
10   of attorney's fees pursuant to § 406(b) in the amount of $20,577.57); *Jamieson*, 2011 WL 587096,
11   at *2 (recommending an award of attorney's fees pursuant to § 406(b) in the amount of $34,500).

12       In making this determination, the Court recognizes the contingent-fee nature of this case
13   and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District
14   courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases."
15   *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr.
16   Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only
17   $450 in successful cases does not provide a basis for this court to lower the fee to avoid a
18   'windfall.'" (quoting *Gisbrecht*, 535 U.S. at 807)). Attorneys who agree to represent claimants
19   pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time
20   and effort if the action does not succeed. *Id.* Here, Plaintiff's attorney accepted substantial risk of
21   loss in representing Plaintiff, whose application had already been denied at the administrative
22   level. Plaintiff agreed to the contingent fee arrangement. (*See* Doc. 40-1.) Plaintiff's counsel
23   secured a reversal and remand of the case and, ultimately, an award of benefits to Plaintiff. (*See*
24   Docs. 40-2, 40-3.)

25       Thus, an award of attorney's fees pursuant to § 406(b) in the amount of $21,762 is
26   appropriate. Because Plaintiff's counsel's motion for EAJA fees was previously denied, as
27   explained above, no refund of EAJA fees is necessary.

28

## IV.     CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Plaintiff's counsel pursuant to § 406(b) are reasonable.  Accordingly, IT IS ORDERED that:

1.     Plaintiff's counsel's motion to amend the judgment, (Doc. 45), is GRANTED and the Court's August 17, 2020 order, (Doc. 44), is VACATED.

2.     Plaintiff's counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b), (Doc. 40), is granted.  Plaintiff's counsel is awarded $21,762 in § 406(b) fees, to be paid out of the amount withheld by the Commissioner from Plaintiff's past-due benefits.  If the amount of past-due benefits withheld is insufficient to cover all fees awarded, Plaintiff's counsel must recover the difference from Plaintiff.

3.     Counsel for Plaintiff shall file on the Court's docket proof of service of this order upon Plaintiff at her current or last known address.

IT IS SO ORDERED.

Dated:   __August 19, 2020__                          _____/s/ *Sheila K. Oberto*_____
                                             UNITED STATES MAGISTRATE JUDGE